United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Robin K. Ingram  
    Debtor  

Case No. 19-12694-jkf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: ChrissyW    Page 1 of 1    Date Rcvd: Oct 08, 2019  
                  Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 10, 2019.  
db         +Robin K. Ingram,    6262 N. 3rd Street,    Philadelphia, PA 19120-1402

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                      TOTAL: 0

        ***** BYPASSED RECIPIENTS *****  
NONE.                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 10, 2019                 Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 8, 2019 at the address(es) listed below:  
        CORINNE SAMLER BRENNAN    on behalf of Creditor    TruMark Financial Credit Union  
         cbrennan@klehr.com,    swenitsky@klehr.com  
        REBECCA ANN SOLARZ    on behalf of Creditor    LAKEVIEW LOAN SERVICING, LLC bkgroup@kmllawgroup.com  
        SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com,    ecf_frpa@trustee13.com  
        SCOTT F. WATERMAN (Chapter 13)    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)  
         ECFMail@ReadingCh13.com,    ecf_frpa@trustee13.com  
        STEPHEN MATTHEW DUNNE    on behalf of Debtor Robin K. Ingram bestcasestephen@gmail.com,  
         dunnesr74587@notify.bestcase.com  
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
                                        TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Robin K. Ingram <br> _Debtor_ | CHAPTER 13 |
| LAKEVIEW LOAN SERVICING, LLC <br> _Movant_ <br> vs. | NO. 19-12694 JKF |
| Robin K. Ingram <br> _Debtor_ | |
| Scott F. Waterman, Esquire <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,511.90,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2019 to October 2019 at $805.90/month |
| Suspense Balance: | $742.70 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,511.90** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on November 1, 2019 and continuing through April 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$805.90** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$585.32 from November 2019 to March 2020 and $585.30 for April 2020** towards the arrearages on or before the last day of each month at the address below;

M&T BANK
1 Fountain Plaza 7F
Buffalo, NY 14203

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 4, 2019                         By: /s/ Rebecca A. Solarz, Esquire
                                                    Attorney for Movant

Date:  October 7, 2019                          /s/ Stephen Matthew Dunne, Esquire
                                                Stephen Matthew Dunne, Esquire
                                                Attorney for Debtor

Date:  October 7, 2019                          /s/ Polly A. Langdon, Esquire, for
                                                Scott F. Waterman, Esquire
                                                Chapter 13 Trustee

Approved by the Court this  6th  day of      October      , 2019.  However, the court retains discretion regarding entry of any further order.

*/s/ Jean K. FitzSimon*

Bankruptcy Judge
Jean K. FitzSimon