United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                          Case No. 19-12694-amc

Robin K. Ingram                                                                           Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Mar 30, 2022 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 01, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Robin K. Ingram, 6262 N. 3rd Street, Philadelphia, PA 19120-1402 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 01, 2022                      Signature:              /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 30, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| CORINNE SAMLER BRENNAN | on behalf of Creditor TruMark Financial Credit Union cbrennan@klehr.com  swenitsky@klehr.com;nyackle@klehr.com |
| REBECCA ANN SOLARZ | on behalf of Creditor LAKEVIEW LOAN SERVICING  LLC bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com |
| SCOTT F. WATERMAN (Chapter 13) | ECFMail@ReadingCh13.com |
| STEPHEN MATTHEW DUNNE | on behalf of Debtor Robin K. Ingram bestcasestephen@gmail.com  dunnesr74587@notify.bestcase.com |
| Scott F Waterman | on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ECFMail@ReadingCh13.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

District/off: 0313-2                                    User: admin                                    Page 2 of 2
Date Rcvd: Mar 30, 2022                          Form ID: pdf900                          Total Noticed: 1
TOTAL: 6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: Robin K Ingram             :      19-12694-AMC

**Debtor**                    :

                               :      CHAPTER 13

## ORDER

AND NOW, this 30th day of March , 2022 at Philadelphia, upon consideration of Debtor's Motion to Approve Loan Modification, it is ORDERED AND DECREED that:

Said Motion is GRANTED and the Loan Modification Agreement attached as Exhibit "A", is hereby APPROVED. It is further ORDERED that the recording of said Agreement does not violate the automatic stay section 362(a), nor the provisions of 11 U.S.C. § 549.

BY THE COURT:

_____

United States Bankruptcy Judge

cc:     See attached service list

# M&T Bank

March 2, 2022

ROBIN K. INGRAM
6262 N 3RD ST
PHILADELPHIA, PA 19120

Re: Loan # ⸺ ⸱492

Dear Mortgage Customer:

We would like to inform you that your application for a Partial Claim has been approved subject to the following:

| | |
|---|---|
| Total Partial Claim Amount | $28,526.16 |
| Next Payment Due Date | April 1, 2022 |
| Payment Amount | $802.27 |

We have enclosed an interest free subordinate note and a subordinate mortgage to HUD in the amount of $28,526.16. The documents need to be signed, notarized and returned for recording in the provided overnight return envelope. The subordinate mortgage becomes a lien on the property, however does not become due until the above referenced mortgage is paid in full and /or the property is sold.   To obtain a payoff statement you will need to contact ISN Corporation-Western Operations Center, at 1-833-732-4353.

**The Bankruptcy Trustee must approve this workout and a copy of that approval must accompany the signed subordinate note and mortgage and be received by the date indicated above.  Please DO NOT execute the attached documents until Bankruptcy Trustee approval is obtained.**

You will be responsible for keeping your loan current starting with the April 1, 2022 payment of $802.27.

If you have any questions regarding the partial claim information or are interested in having a mobile notary assist with the execution of your documents, please call your Homeowner's Assistance Representative at 1-800-724-1633.

Sincerely,
Homeowner Assistance Center

1-800-724-1633

---

Approval Cover Letter

Page 1 of 1

78413MU 07/20



*0 0 5 2 2 2 3 4 9 2 *



# ATTENTION

It is extremely important that these documents are executed correctly and returned promptly to ensure the acceptance of the Partial Claim by M&T Bank. I have enclosed three copies of both the subordinate note and subordinate mortgage. **ALL COPIES MUST BE EXECUTED AND RETURNED.** If there are any questions concerning the execution of the document please contact me immediately at 1-800-724-1633. If the agreement is not executed as instructed or is not returned by the date specified in the attached approval letter the approval for the Partial Claim will be rescinded.

The following document must be executed in **BLACK** ink only.

**ROBIN K. INGRAM** (the "*Borrower*") must sign where indicated by the flag marked "sign here".

Each signature on the subordinate mortgage(s) must be witnessed by a notary public.

## ***INSTRUCTIONS FOR THE NOTARY PUBLIC***

The notary acknowledgement must be fully completed.
All lines to be completed are flagged and/or highlighted.
The notary public must witness all Borrowers' signatures. The notary seal and/or stamp must be affixed by each acknowledgement.

---

Signing Instructions

Page 1 of 2                                    73556MU 07/20



The Bankruptcy Court or Trustee must approve this workout and a copy of that approval must accompany the signed subordinate note and mortgage and be received by the date indicated above. *Please **DO NOT** execute the attached documents until Bankruptcy Trustee approval is obtained.*

---

**Signing Instructions**

Page 2 of 2

73556MU 07/20



| | | Loan No.: | 3492 |
|---|---|---|---|
| **FHA Case #: 1** | )7702 | | |
| | | Investor Loan No: | 1973 |
| | | | 103430 |

# PENNSYLVANIA PARTIAL CLAIM SECONDARY MORTGAGE NOTE

### This agreement is subject to the provisions of the Secondary Mortgage Loan Act.

| March 2, 2022 | PHILADELPHIA | PENNSYLVANIA |
|---|---|---|
| [Date] | [City] | [State] |
| | **6262 N 3RD ST, PHILADELPHIA, PA 19120** | |
| | [Property Address] | |

UPI/PIN/Tax ID:    **8900**

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" means the Secretary of U.S. Department of Housing and Urban Development and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Twenty Eight Thousand Five Hundred Twenty Six and 16/100ths** Dollars (U.S. **$28,526.16**), to the order of the Lender.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time

On, **March 1, 2052** or, if earlier, when the first of the following events occurs:

---



(i)     Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii)     The maturity date of the primary Note has been accelerated, or

(iii)     The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

(B) Place

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. WAIVER BY BORROWER

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.



BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____          Date: ____/____/____

Borrower        - **ROBIN K. INGRAM**

**Loan Originator Organization: LAKEVIEW LOAN SERVICING LLC, BY ITS ATTORNEY IN FACT M&T BANK, NMLSR ID: 3114**
**Individual Loan Originator's Name NMLSR ID: N/A**

---

**Pennsylvania Partial Claim Note—Single Family—Secondary Lien**
17096PA 09/21

*005222 3492*

**Prepared By:**
**M&T BANK**
**475 CROSSPOINT PKWY**
**GETZVILLE, NY  14068**

**After Recording Please Return To:**
**SERVICELINK**
**ATTN:    LOAN    MODIFICATION**
**SOLUTIONS**
**3220 EL CAMINO REAL**
**IRVINE, CA  92602**
**800-777-8759**

Property Address:
**6262 N 3RD ST**
**PHILADELPHIA, PA  19120**

UPI/PIN/Tax ID:    **8900**

———————————————*[Space Above This Line For Recording Data]*———————————

| | |
|---|---|
| | **Loan No.: (    )492** |
| **FHA Case #:    07702** | |
| | **Investor Loan No:    !1973** |
| | **103430** |

# PENNSYLVANIA MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **March 2, 2022**. The Mortgagor is
**ROBIN K. INGRAM**
Whose address is **6262 N 3RD ST, PHILADELPHIA, PA 19120**
("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban
Development, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender").
Borrower owes Lender the principal sum of **Twenty Eight Thousand Five Hundred Twenty
Six and 16/100ths** Dollars (U.S. **$28,526.16**). This debt is evidenced by Borrower's note dated
the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid
earlier, due and payable on **March 1, 2052**. This Security Instrument secures to Lender: (a) the
repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of
the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security
of this Security Instrument; and (c) the performance of Borrower's covenants and agreements
under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage,

---

Pennsylvania Mortgage-Single Family                    Page 1 of 8                    14631PA 09/20



warrant, grant and convey to the Lender, with the power of sale the following described property located in **PHILADELPHIA** County, PENNSYLVANIA:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

which has the address of **6262 N 3RD ST, PHILADELPHIA, PA 19120**, ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

---


*005222349 2*

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to:Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.** If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as

*005223492*

provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Secretary under this paragraph or applicable law.

**Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Note or this Security Instrument. Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.**

**8. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**9. Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**10. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**11. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

---

**Pennsylvania Mortgage-Single Family**

Page 4 of 8

14631PA 09/20



### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

The following signature(s) and acknowledgment(s) are incorporated into and made a part of this Pennsylvania Mortgage dated **March 2, 2022** between **ROBIN K. INGRAM**, **Secretary of Housing and Urban Development**.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.



_____    Date: ____ / ____ / ____
Borrower        - **ROBIN K. INGRAM**

Certificate of Residence:

I certify that the address of the foregoing mortgagee is **451 Seventh Street, SW, Washington, DC 20410**.

**M&T Bank in its capacity as Servicer/Agent for Secretary of Housing and Urban Development**

By: _____

Title: _____

**Pennsylvania Mortgage-Single Family**

14631PA 09/20

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
★ 0 0 5 2 2 2 3 4 9 2 ★

## ACKNOWLEDGMENT

State of _____                §
                                   §
County of _____               §

    On this _____ day of _____, _____, before me, the undersigned officer, personally appeared **ROBIN K. INGRAM**, known to me (or satisfactorily proven), to be the person whose name is subscribed to the within instrument, and acknowledged that he (or they) executed the same for the purposes therein.

    In witness whereof, I hereunto set my hand and official seal.



                    _____
                    Signature of Officer

                    _____
                    Printed Name

                    _____
                    Title of Officer

(Seal)                My Commission Expires: _____

**Loan Originator Organization: LAKEVIEW LOAN SERVICING LLC, BY ITS ATTORNEY IN FACT M&T BANK, NMLSR ID: 3114**
**Individual Loan Originator's Name NMLSR ID: N/A**

*0 0 5 2 2 2 3 4 9 2*

EXHIBIT A

BORROWER(S): ROBIN K. INGRAM

LOAN NUMBER:        3492

LEGAL DESCRIPTION:

STATE OF PENNSYLVANIA, COUNTY OF PHILADELPHIA, AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND , IMPROVEMENTS THEREON ERECTED, DESCRIBED ACCORDING TO A SURVEY AND PLAN THEREOF MADE BY JOSEPH F. DELANY, ESQUIRE SURVEYOR AND REGULATOR OF THE 5TH SURVEY DISTRICT OF THE CITY OF PHILADELPHIA ON 9/9/1929, AS FOLLOWS, TO WIT:  SITUATE ON THE WESTERLY SIDE OF 3RD STREET (60 FEET WIDE) AT THE DISTANCE OF 454 FEET 8 INCHES NORTHWARDLY FROM THE NORTHERLY SIDE OF GODFREY AVENUE (80 FEET WIDE) IN THE 61ST WARD OF THE CITY OF PHILADELPHIA.  CONTAINING IN FRONT OR BREADTH ON THE SAID 3RD STREET 14 FEET 11 INCHES AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH WESTWARDLY BETWEEN LINES PARALLEL WITH THE SAID GODFREY AVENUE 115 FEET 2 INCHES TO THE MIDDLE OF A CERTAIN 12 FEET WIDE DRIVEWAY WHICH EXTENDS SOUTHWARDLY FROM CHELTEN AVENUE AND COMMUNICATES AT ITS SOUTHERNMOST END WITH A CERTAIN OTHER DRIVEWAY WHICH EXTENDS EASTWARDLY INTO THE SAID 3RD STREET.  TOGETHER WITH THE FREE AND COMMON USE, RIGHT, LIBERTY AND PRIVILEDGE OF THE AFORESAID AS AND FOR DRIVEWAYS, AND PASSAGEWAYS AT ALL TIMES HEREAFTER, FOREVER IN COMMON WITH THE OWNERS, TENANTS AND OCCUPIERS OF THE OTHER LOTS OF GROUND BOUNDING THEREON AND ENTITLED TO THE USE THEREOF, SUBJECT, HOWEVER TO A PROPORTIONATE PART OF THE EXPENSE OF KEEPING SAID DRIVEWAYS IN GOOD ORDER AND REPAIR. BEING NO. 6262 NORTH 3RD STREET.  BEING BRT TAX NO. 61-1-0589-00  BEING THE SAME PREMISES WHICH STELLA J. PHILLIPS, WIDOWS BY DEED DATED 5/27/1994 AND RECORDED 6/24/1994 IN PHILADELPHIA COUNTY IN DEED BOOKS

VCS 607 PAGE 76 CONVEYED UNTO MARVIN L. HUTSON AND ANGELA C.
HUTSON, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETIES, IN FEE.

UPI/PIN/Tax ID:        3900

ALSO KNOWN AS: 6262 N 3RD ST, PHILADELPHIA, PA 19120

**Prepared By:**
**M&T Bank**
**475 Crosspoint Pkwy**
**Getzville, NY  14068**

**After Recording Please Return To:**
**ServiceLink**
**Attn: Loan Modification Solutions**
**3220 El Camino Real**
**Irvine, CA  92602**
**800-777-8759**

Property Address:
**6262 N 3RD ST**
**PHILADELPHIA, PA  19120**

UPI/PIN/Tax ID:        **900**

—————————————————*[Space Above This Line For Recording Data]*———————————————

FHA Case #: F        '702
                     ¡430
Investor Loan No: ¡   973

# LOAN MODIFICATION AGREEMENT
# (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this **2nd** day of **March, 2022**, between **ROBIN K. INGRAM** ("Borrower") and **LAKEVIEW LOAN SERVICING LLC, BY ITS ATTORNEY IN FACT M&T BANK** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **April 11, 2008**, in the amount of **$127,305.00** and recorded on **April 21, 2008** in Book, Volume, or Liber No. _____ , at Page _____ (or as Instrument No. **51890512**) , of the **Official** (Name of Records) Records of **Philadelphia**, **PENNSYLVANIA** (County and State, or other jurisdiction) and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**6262 N 3RD ST, PHILADELPHIA, PA 19120**
(Property Address)

---

Loan Modification Agreement—Single Family—**Fannie Mae Uniform Instrument**                                 Form 3179 1/01 (rev. 4/14)
The Compliance Source, Inc.                                    Page 1 of 9                                23703PA 10/01 Rev. 10/21
                                                                                                          ©2001-2021, The Compliance Source, Inc.



the real property described being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  As of **April 1, 2022**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$110,272.22**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2.  Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.875%**, from **March 1, 2022**. Borrower promises to make monthly payments of principal and interest of U.S. **$518.54**, beginning on the **1st** day of **April, 2022**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **3.875%** will remain in effect until principal and interest are paid in full. If on **March 1, 2052** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of



this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.    Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    a)    all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.    Borrower understands and agrees that:

    a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law.  Also, all rights of recourse to which Lender is



presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

d)    All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

e)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

f)    Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number,



including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ☐.

Date: _____/_____/_____

Borrower      - **ROBIN K. INGRAM**

Certificate of Residence:

I/We do hereby certify that the precise address of the within named mortgagee, assignee or person entitled to interest is **4425 PONCE DE LEON BLVD 5TH FL, CORAL GABLES, FL 33146**.

**LAKEVIEW LOAN SERVICING LLC,
BY ITS ATTORNEY IN FACT M&T
BANK**

By: _____

Its: _____



## ACKNOWLEDGMENT

State of _____ §
§
County of _____ §

On this _____ day of _____, _____, before me, the undersigned officer, personally appeared **ROBIN K. INGRAM**, known to me (or satisfactorily proven), to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same for the purposes therein.

In witness whereof, I hereunto set my hand and official seal.

_____

Notary Public

_____

Printed Name

_____

Title of Officer

(Seal)                    My Commission Expires: _____



\* 0 0 5 2 2 2 3 4 9 2 \*

ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE
**LAKEVIEW LOAN SERVICING LLC, BY ITS ATTORNEY IN FACT M&T BANK**

By: _____    _____

                     -Lender      Date of Lender's Signature

### ACKNOWLEDGMENT

State of _____             §
                                  §
County of _____         §

On this _____ day of _____ in the year _____, before me, the
undersigned, a Notary Public in and for said State, personally appeared
_____ the _____,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the
individual(s) whose name is(are) subscribed to the within instrument and acknowledged to me
that he/she executed the same in his/her capacity(ies) and that by his/her signature(s) on the
instrument, the individual(s), or the person upon behalf of which the individual(s) acted,
executed the instrument.

_____ in _____
  (insert the city or other political subdivision)          (and insert the State and County or other place the acknowledgment was taken)

                            _____
                            Signature of Individual Taking Acknowledgment

                            _____
                            Printed Name

                            _____
                            Office of Individual Taking Acknowledgment

(Seal)                       My Commission Expires: _____

---



*005222349 2*

**EXHIBIT A**

BORROWER(S): ROBIN K. INGRAM

LOAN NUMBER:        3492

LEGAL DESCRIPTION:

STATE OF PENNSYLVANIA, COUNTY OF PHILADELPHIA, AND DESCRIBED AS
FOLLOWS:

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND ,
IMPROVEMENTS THEREON ERECTED, DESCRIBED ACCORDING TO A SURVEY
AND PLAN THEREOF MADE BY JOSEPH F. DELANY, ESQUIRE SURVEYOR AND
REGULATOR OF THE 5TH SURVEY DISTRICT OF THE CITY OF PHILADELPHIA
ON 9/9/1929, AS FOLLOWS, TO WIT:  SITUATE ON THE WESTERLY SIDE OF 3RD
STREET (60 FEET WIDE) AT THE DISTANCE OF 454 FEET 8 INCHES
NORTHWARDLY FROM THE NORTHERLY SIDE OF GODFREY AVENUE (80 FEET
WIDE) IN THE 61ST WARD OF THE CITY OF PHILADELPHIA.  CONTAINING IN
FRONT OR BREADTH ON THE SAID 3RD STREET 14 FEET 11 INCHES AND
EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH WESTWARDLY BETWEEN
LINES PARALLEL WITH THE SAID GODFREY AVENUE 115 FEET 2 INCHES TO
THE MIDDLE OF A CERTAIN 12 FEET WIDE DRIVEWAY WHICH EXTENDS
SOUTHWARDLY FROM CHELTEN AVENUE AND COMMUNICATES AT ITS
SOUTHERNMOST END WITH A CERTAIN OTHER DRIVEWAY WHICH EXTENDS
EASTWARDLY INTO THE SAID 3RD STREET.  TOGETHER WITH THE FREE AND
COMMON USE, RIGHT, LIBERTY AND PRIVILEDGE OF THE AFORESAID AS AND
FOR DRIVEWAYS, AND PASSAGEWAYS AT ALL TIMES HEREAFTER, FOREVER IN
COMMON WITH THE OWNERS, TENANTS AND OCCUPIERS OF THE OTHER
LOTS OF GROUND BOUNDING THEREON AND ENTITLED TO THE USE
THEREOF, SUBJECT, HOWEVER TO A PROPORTIONATE PART OF THE EXPENSE
OF KEEPING SAID DRIVEWAYS IN GOOD ORDER AND REPAIR.  BEING NO. 6262



NORTH 3RD STREET.  BEING BRT TAX NO. 61-1-0589-00  BEING THE SAME PREMISES WHICH STELLA J. PHILLIPS, WIDOWS BY DEED DATED 5/27/1994 AND RECORDED 6/24/1994 IN PHILADELPHIA COUNTY IN DEED BOOKS VCS 607 PAGE 76 CONVEYED UNTO MARVIN L. HUTSON AND ANGELA C. HUTSON, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETIES, IN FEE.

**UPI/PIN/Tax ID:**        58900

**ALSO KNOWN AS: 6262 N 3RD ST, PHILADELPHIA, PA 19120**

*0 0 5 2 2 2 3 4 9 2*

Loan No.:      :**3492**

# CORRECTION AGREEMENT

**Borrower(s):    ROBIN K. INGRAM**          Property:    **6262 N 3RD ST, PHILADELPHIA, PA 19120**

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

"Borrower" is **ROBIN K. INGRAM**

"Lender" is **LAKEVIEW LOAN SERVICING LLC, BY ITS ATTORNEY IN FACT M&T BANK**

**, and its successors or assigns.**
"**Loan**" **means the debt evidenced by the Note and all sums due under the Security Instrument.**
"**Note**" **means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.**
"Security Instrument" **means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.**

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: **In consideration of the Loan Modification Agreement offered by Lender in the amount of $110,272.22, which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree and covenant in order to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.**

REQUEST BY LENDER:  **Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.**

BORROWER LIABILITY:  **If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees**

**Correction Agreement**                Page 1 of 2                90193MU  03/18



to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.

 (Seal)   Date: 

**ROBIN K. INGRAM**



Loan No.: :3492

# BANKRUPTCY DISCLOSURE RIDER

THIS BANKRUPTCY DISCLOSURE RIDER is given on the **2nd** day of **March, 2022**, and is incorporated into and shall be deemed to amend and supplement the Note and Security Instrument "Mortgage/Deed of Trust" of the same date made by **ROBIN K. INGRAM** (the "Borrower") and **LAKEVIEW LOAN SERVICING LLC, BY ITS ATTORNEY IN FACT M&T BANK** (the "Lender), covering the property describedin the Note and Security Instrument located at:

### 6262 N 3RD ST, PHILADELPHIA, PA 19120

In addition to covenants and agreements made in the Note and Security Instrument, Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Note and Security Instrument is contingent upon approval by the bankruptcy court, if required.**
2. **AFTER** execution of the Note and Security Instrument, the bankruptcy court may award the Borrower a Chapter 13 bankruptcy discharge upon completion of the Chapter 13 plan payments.
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Note, Security Instrument and this Bankruptcy Disclosure Rider, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Bankruptcy Disclosure Rider, the terms of the Note and Security Instrument will remain unchanged and in full effect.

_____     Date:  ____/____/____

Borrower     - **ROBIN K. INGRAM**